**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                      :
RALPH M. LEPISCOPO,                   :
                                      : Civil Action No. 05-1628 (MLC)
          Plaintiff,                  :
                                      :
     v.                               :     MEMORANDUM OPINION
                                      :
SOCIAL SECURITY ADMINISTRATION,       :
                                      :
          Defendant.                  :
                                      :
```

**APPEARANCES:**

    RALPH M LEPISCOPO, Plaintiff <u>pro se</u>
    # 265444, New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625-0861

**COOPER**, District Judge

Plaintiff, Ralph M. Lepiscopo ("Lepiscopo"), a state prisoner confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1361 for a writ of mandamus. Based on the affidavit of indigence, the Court will allow Lepiscopo to proceed <u>in forma pauperis</u> and will order the Clerk of the Court to file the Complaint.

The Court must review the petition for a writ of mandamus, as filed by Lepiscopo, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. The Court concludes that the action should be dismissed for failure to state a claim.

I.   BACKGROUND

Lepiscopo brings this civil action under 28 U.S.C. § 1361 for a writ of mandamus as against the defendant Social Security Administration ("SSA").  The following factual allegations are taken from the petition and are accepted as true for purposes of this review.

Lepiscopo contends that he was born in Newark, New Jersey in 1940.  He is currently incarcerated on state court convictions and sentences imposed in New Mexico.  Lepiscopo is not convicted of any crime in the State of New Jersey.  His 39-year sentence for escape is being served in New Jersey State Prison pursuant to the Interstate Corrections Compact.  He claims he is eligible for Social Security retirement benefits.  (Compl., ¶ 1).

On October 26, 2002, Lepiscopo allegedly wrote to the SSA for an application for retirement benefits, but received no response.  Lepiscopo claims that the SSA's denial of retirement benefits to prisoners is unconstitutional.  (Compl., ¶¶ 2, 4).

Lepiscopo seeks a declaratory judgment that the SSA's denial of retirement benefits to prisoners is unconstitutional.  He also asks that the Court issue a writ of mandamus directing the SSA to furnish him with an application for retirement benefits. (Compl., "Relief Sought").

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA") requires a district court to review a complaint in a civil action in which a prisoner

2

is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court must identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) & 1915A.[1]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the

---

[1] Plaintiff should be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro se</u> complaint may be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981).  But where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004) (complaint that satisfied notice pleading requirement that it contain short, plain statement of claim but lacked sufficient detail to function as guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

III.   ANALYSIS

Lepiscopo characterizes his action as a writ of mandamus under 28 U.S.C. § 1361, seeking a Court Order directing the SSA to provide him with an application for retirement benefits.  He also asks that the Court declare unconstitutional the SSA's denial of retirement benefits to prisoners.

Lepiscopo is not entitled to issuance of a writ of mandamus under 28 U.S.C. § 1361.  To be eligible for mandamus relief, a petitioner must establish (1) he has a clear right to relief, (2) the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) he has no other adequate remedy. See Rios v. Ziglar, 398 F.3d 1201 (10th Cir. 2005).  See also Cheney v. U.S. Dist. Ct. for Dist. of Columbia, 124 S.Ct. 2576, 2593-94 (2004) ("Mandamus is an extraordinary remedy, available to 'a plaintiff only if ... the defendant owes him a clear, non-discretionary duty.'") (citing Heckler v. Ringer, 466 U.S. 602 (1984)).  Lepiscopo can not establish any of these requirements.

Lepiscopo has no clear right to the relief sought.  The Social Security program bars payment of retirement benefits to imprisoned felons.  42 U.S.C. § 402(x)(1).  This statute is constitutional as applied to prisoners.  See Butler v. Apfel, 144 F.3d 622 (9th Cir. 1998); Graham v. Bowen, 648 F.Supp. 298 (S.D. Tex. 1986); Clary  v. Bowen, 637 F.Supp. 1186 (W.D.N.C. 1986). Indeed, the Third Circuit has noted that Social Security

participation is a non-contractual benefit under a social welfare program.  Washington v. HHS, 718 F.2d 608 (3d Cir. 1983).  Congress can fix the levels of benefits and set the conditions under which they are to be paid.  Id. at 610.

The SSA is under no affirmative, peremptory duty to provide Lepiscopo, a convicted felon and prisoner, with an application for retirement benefits while he is currently incarcerated since such benefits are statutorily barred.  Finally, mandamus relief is unavailable under the third prong because any claim Lepiscopo may have for retirement benefits in the future can be pursued with the SSA.  This Court lacks jurisdiction to grant relief to Lepiscopo because such administrative remedies have not been exhausted.

Therefore, because Lepiscopo has failed to establish any basis for mandamus relief, this action for a writ of mandamus is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## IV.  CONCLUSION

For the reasons set forth above, this civil action will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  An appropriate order follows.

                                        s/ Mary L. Cooper  
                                        MARY L. COOPER  
                                        United States District Judge